**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMONA RODRIGUEZ, | No. 20-15131 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-02003-TSH |
| v. | |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixon, Magistrate Judge, Presiding

Submitted February 08, 2021**
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and ROSENTHAL,*** District Judge.

Ramona Rodriguez appeals the district court's judgment affirming the partial

denial of her application for disability insurance benefits and supplemental security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

income under Titles II and XVI of the Social Security Act. The issue is not whether, but when, Rodriguez became disabled. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.     The Legal Standard

We review de novo the district court's order upholding the Commissioner's denial of benefits. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

When the Administrative Law Judge (ALJ) "has created a record and has a basis for selecting an onset date, the claimant who wishes to challenge that date bears the burden of proof." *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). An "ALJ may reject a treating source's opinion that is contradicted by another doctor's opinion only 'by providing specific and legitimate reasons that are supported by substantial evidence.'" *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)). An "ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). A physician's opinion is "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability."

2

*McLeod v. Astrue*, 640 F.3d 881, 884–85 (9th Cir. 2011) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).

## II.    Analysis

The ALJ found that Rodriguez was disabled as of February 2017. Rodriguez argues that she has been disabled since July 2014, and that the ALJ erred by discrediting the medical opinions of two doctors who examined her. One, Dr. Jaime Larson, a psychologist, opined on Rodriguez's mental health, and the other, Dr. Nurit Licht, a family medicine specialist, on her physical condition.

Dr. Larson examined Rodriguez in February 2015 and diagnosed her with major depressive disorder. Dr. Larson found that Rodriguez's mental functioning was moderately to markedly impaired in several areas, including her ability to perform simple, repetitive tasks and to interact with others.

The ALJ partially discounted Dr. Larson's opinion because the doctor examined Rodriguez only once and because the record failed to support the doctor's opinion. The ALJ noted that Dr. Larson's evaluation was "not necessarily reflective of [Rodriguez's] mental health functioning overall," but rather depended on Rodriguez's condition "on that day and at that time." *See* 20 C.F.R. § 416.927(c)(2) (an ALJ may consider the length of a treatment relationship and examination frequency in assigning weight to a medical opinion). Dr. Larson acknowledged a

3

lack of clarity "about [Rodriguez's] ability to function overall" and that "additional information would assist with this."

Substantial record evidence showed that Rodriguez was not as impaired as Dr. Larson concluded in February 2015. The record did not show treatment for the level of impairment that Dr. Larson found. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity" between a doctor's opinion and medical records may suffice as a specific and legitimate reason for rejecting that opinion). While Rodriguez had been intermittently prescribed antidepressant medication in the past, the record showed that some doctors had diagnosed her with depression, but others had not. Dr. Larson also found that Rodriguez's "fund of knowledge" was moderately to severely impaired, but she was able to recall her medical and work history even though she had been drinking.

After Dr. Larson's February 2015 examination, no records show that Rodriguez was treated for depression. Two state agency mental health experts, Dr. Sandip Sen and Dr. Pamela Hawkins, examined Rodriguez's medical records within months of Dr. Larson and found that she was only moderately limited overall. The ALJ found these opinions to be more consistent with the record than Dr. Larson's. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("[The doctor's] opinion was contradicted by the opinions of other physicians, and so the ALJ was required to give only 'specific and legitimate' reasons for rejecting the opinion. The ALJ did

4

so, and her reasons were supported by substantial evidence."). Rodriguez's job history showed that she had left her prior jobs due to physical, not mental, impairments. The ALJ also noted that Rodriguez did not appear to be impaired during her 2017 administrative hearing. Substantial evidence in the record supports the ALJ's decision to discount Dr. Larson's opinion and the conclusion that, before February 2017, Rodriguez's mental functioning was only moderately or mildly limited.

Dr. Licht examined Rodriguez in August 2015 and concluded that she was "unemployable" because of alcoholism and cirrhosis. Dr. Licht saw Rodriguez once more in March 2017, after she went to the emergency room for alcohol detox. Then, in August 2017, Dr. Licht wrote a letter concluding that Rodriguez was unemployable, due to liver failure, abdominal fluid accumulation, and encephalopathy. The ALJ gave weight to Dr. Licht's August 2017 opinion, but not to the August 2015 opinion. Rodriguez argues that the ALJ was inconsistent and failed to explain how Rodriguez was impaired after February 2017, but not before.

The ALJ examined medical evidence in the record showing that, before February 2017, Rodriguez went to an emergency room several times with flank pain, hematemesis (vomiting blood), liver and kidney dysfunction, and gastrointestinal problems from alcohol abuse. The ALJ found that the record showed symptoms before 2017 but did not support Rodriguez's claims as to their "intensity, persistence,

and limiting effects." Other medical evidence showed that, before February 2017, Rodriguez's "functioning remained stable." In August 2015, she had no swelling in her extremities, full motor strength in her upper and lower extremities, and no abnormalities in her abdomen. The ALJ found that the record evidence did not support finding that Rodriguez was disabled before February 2017.

In reaching this conclusion, the ALJ rejected Dr. Licht's August 2015 opinion that Rodriguez was "unemployable." Noting that a physician's opinion is "not binding on an ALJ with respect to . . . the ultimate determination of disability," *McLeod*, 640 F.3d at 884–85 (quoting *Mayes*, 276 F.3d at 459–60), the ALJ correctly stated that the absence of "function-by-function limitations" meant that the ALJ could not use Dr. Licht's opinion to decide if Rodriguez was disabled or could perform "basic work tasks" in 2015 or earlier.

Rodriguez's February 2017 hospital records showed that her condition had recently and significantly deteriorated. Rodriguez testified that her condition had worsened in 2016 and early 2017. She had suffered from a distended abdomen for a week before February 2017, when she was diagnosed with end-stage kidney disease, ascites, chronic liver failure, and encephalopathy. In March 2017, Dr. Licht found that, due to these new diagnoses, Rodriguez's function had significantly declined.

Based on this medical evidence, particularly the encephalopathy diagnosis, the ALJ found that in February 2017, Rodriguez was "experienc[ing] worsening of her conditions" and was disabled. The ALJ saw "no indication that these impairments could improve to the point of non-disability even in the complete absence of alcohol use."

Substantial evidence in the record supports the ALJ's conclusion, reached under the correct legal standards, that Rodriguez became disabled after February 13, 2017, and not before.

**AFFIRMED**